PETERSON v. GREAT NORTHERN LIFE INSURANCE CO.

1. Insurance—Accident Policy—Reformation of Instruments—Equity—Jurisdiction—Waiver.

Where suit to reform sick and accident policy by striking out of description of plaintiff's occupation words "office duties only," alleged to have been inserted by mistake and contrary to actual agreement of parties, was commenced before formal proofs of loss were made and before defendant's position in reference to claim had been disclosed, a case in equity was made, and that defendant by concession or waiver of proofs of loss made reformation of policy immaterial or unnecessary did not deprive court of equity of jurisdiction, since defense that plaintiff had changed to more hazardous occupation and that benefits under policy should be reduced accordingly was open to defendant in action at law.

2. Same—Total Disability Not Shown.

Evidence that insured in his present business or employment has done his work in large part at least, and has suffered no diminution of compensation or profit because of injury to hand and loss of three fingers, held, not to warrant recovery under accident policy as for total disability for rest of his life, but recovery is limited to total disability for four months and partial disability for three months.

---

As to what constitutes total disability within meaning of life insurance policy, see annotation in 38 L. R. A. 529; 23 L. R. A. (N. S.) 352; 29 L. R. A. (N. S.) 635; 34 L. R. A. (N. S.) 126; L. R. A. 1917B, 108.

As to when insured is deemed to be totally unable to transact business duties, see annotation in 24 A. L. R. 203; 37 A. L. R. 151; 41 A. L. R. 1376; 51 A. L. R. 1048.

Appeal from Gogebic; Driscoll (George O.), J. Submitted January 14, 1930. (Docket No. 89, Calendar No. 34,695.) Decided March 7, 1930.

Bill by Raymond Peterson against Great Northern Life Insurance Company, a corporation, for reformation of a policy of accident insurance. From a decree for plaintiff, defendant appeals. Modified and affirmed.

*Jones & Patek,* for plaintiff.

*Waples & Waples* (*Helmer, Moulton, Whitman & Holton,* of counsel), for defendant.

CLARK, J. Plaintiff received of defendant a policy providing indemnity for loss of life, limb, sight, or time by accidental means and for loss of time by disease. The policy states plaintiff's occupation to be "superintendent—woods—for Charcoal Iron Company, office duties only." Of total disability it provides:

\* \* \* "If such bodily injuries, independently and exclusively of all other causes, wholly and continuously disable the insured from the date of accident from performing any and every kind of duty pertaining to his occupation, for one day or more and so long as the insured lives and suffers said total disability, the company will pay a monthly indemnity" at the rate of $100 per month.

And of partial disability:

\* \* \* "If such bodily injuries, independently and exclusively of all other causes, wholly and continuously disable the insured from date of accident from performing one or more important daily duties pertaining to his occupation, or for like continuous dis-

ability following total loss of time, the company will pay for the period of such partial disability, but not exceeding three months, a monthly indemnity of two-fifths of the monthly indemnity.''

Under the contract this would be $40 per month not exceeding three months.

A part of the policy material here relating to change of occupation is that if insured changes to an occupation more hazardous than that in which the policy states he is engaged,

\* \* \* ''the company will pay only such portion of the indemnities provided in the policy as the premium paid would have purchased at the rate, but within the limit so fixed by the company for such more hazardous occupation.''

Plaintiff quit his employment with Charcoal Iron Company, and he and one Nizer as copartners went into business for themselves, lumbering on their own account, and for others as logging contractors. While engaged in this new employment or business plaintiff's right hand came in contact with a saw and he lost the thumb, and first, third, and fourth fingers. Toward the end of four months from the accident the wounds had healed, but the second finger was partially ankylosed.

Plaintiff as against defendant took the position he had been totally and permanently disabled and was entitled to $100 per month for life; that the policy should be reformed by striking out of the description of his occupation the words ''office duties only'' as having been inserted by mistake and contrary to the actual agreement of the parties; and that formal proofs of loss had been waived by defendant's denial of liability. Plaintiff filed this bill for reformation and for recovery as above stated,

and had decree for relief prayed. Defendant has appealed.

The questions of jurisdiction in equity and of waiver of proofs of loss were not stressed in argument, and will not be stressed here.

The matter of waiver is a close question on authority, but we are not impressed that the holding of the trial court in this regard should be disturbed.

Plaintiff filed the bill, not having made formal proofs of loss and not having from defendant a formal statement of its position respecting claim. He did not know whether defendant would contend, without reformation of the policy, that his change of occupation had been to one more hazardous, and that benefits under the policy should be reduced accordingly. This defense was open to defendant, and if plaintiff had sued at law he might have been met by it. On his theory he could not proceed safely to trial at law without reformation of the policy. Plaintiff's bill states a case in equity. That defendant by concession or waiver in this case made reformation of the policy immaterial or unnecessary did not deprive the court of equity jurisdiction.

Plaintiff after the accident was totally disabled for the period of four months. Contention that total disability continued after that time and will continue for life cannot be sustained. The evidence shows, as one might expect, that the injury has produced partial disability. The evidence also establishes beyond question that plaintiff in his present business or employment has done his work in large part at least, and that he has suffered no diminution of compensation or profit because of his injury. Witnesses were called to testify of opinion that plaintiff's injury had produced total disability. This testimony closely examined is not significant, and is not persuasive as against evidence of what

plaintiff has actually done. We find partial disability but not total disability within the terms of the policy.

It is so clearly established that plaintiff's period of total disability cannot be extended beyond four months that we shall not discuss it further.

No other question calls for discussion.

Plaintiff will recover for total disability—four months, $400, and for partial disability—three months, $120, total $520, with interest. The evidence does not give right to further recovery under the policy.

The decree will be modified accordingly, and, so modified, affirmed, with costs of this court to defendant.

WIEST, C. J., and BUTZEL, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred. MCDONALD, J., did not sit.